IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03051-LTB-MEH

ADRIANA M. RODRIQUEZ,

Plaintiff,

v.

BOULDER COUNTY PUBLIC HEALTH, a Colorado non-profit corporation,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Claims for Relief Under 42 U.S.C. §§ 1981 and 1981a [filed December 19, 2011; docket #3]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Docket #5.) The matter has been fully briefed, and oral argument would not materially assist the Court in its adjudication of the motion. Based on the record contained herein, the Court RECOMMENDS that Defendant's motion be **granted**.[1]

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United*

## BACKGROUND

### I. Procedural History

On November 22, 2011, Plaintiff, proceeding *pro se*, initiated this action by filing a complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Docket #1.) As relief, Plaintiff seeks a declaratory judgment and money damages pursuant to 42 U.S.C. §§ 1981 and 1981a. (*Id.* at 7-8.) Defendant responded to the Complaint by filing the present Motion to Dismiss on December 19, 2011. (Docket #3.) In essence, Defendant asserts that it is a state actor and cannot, therefore, be sued under §1981. (*Id*. at 1.)

Plaintiff filed a response to the Motion to Dismiss on January 9, 2012. (Docket #8.) Plaintiff asserts that, as a *pro se* litigant, she lacks sufficient knowledge to admit or deny that Defendant qualifies as a state actor under 42 U.S.C. § 1983. (*Id*.) Therefore, Plaintiffs asks the Court to deny Defendant's Motion to Dismiss or, in the alternative, to permit her to file an amended complaint. (Docket #8.) Although Plaintiff tendered an amended complaint within the 21-day period contemplated by Fed. R. Civ. P. 15(a)(1)(B), the Court struck the document because it did not contain a full description of Plaintiff's claims. (*See* docket #15.) The Court granted Plaintiff leave to file a complete amended complaint on or before February 3, 2012; however, as of this date, Plaintiff has made no further attempts to amend her pleadings.

Defendant filed a reply on January 23, 2012, reiterating that Defendant is a state actor and that Plaintiff's §1981 claim should, therefore, be dismissed. (Docket #11.)

### II. Facts

The following are factual allegations made by Plaintiff in her Complaint and offered by Defendant for jurisdictional analysis. These allegations are taken as true for analysis under Fed. R.

---

*States*, 950 F.2d 656, 659 (10th Cir. 1991).

Civ. P. 12(b)(1) pursuant to *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001), and for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Plaintiff identifies herself as an adult female citizen of the United States who was born in Colombia and is of Hispanic/Latina descent. (Docket #1 at 1.) In November 2011, Plaintiff applied for a position with Defendant as a "Bilingual Community Infant Program Nurse." (*Id.* at 2.) According to the advertisement, one of the position's objectives was serving "monolingual Spanish families." (*Id.*) After submitting her application, Plaintiff traveled from Florida to Colorado on three separate occasions to interview with Defendant. (*Id.* at 2, 5.) Defendant offered Plaintiff the position on December 23, 2010, and Plaintiff accepted immediately. (*Id.*) The offer included a start date of January 25, 2011, and a salary of $3,250.00 per month for thirty (30) hours of work per week. (*Id.*) Plaintiff relocated to Colorado shortly thereafter. (*Id.* at 3.)

Plaintiff's employment with Defendant lasted less than three weeks. (*See id.*) During that time, Plaintiff perceived several examples of discriminatory treatment. First, Plaintiff contends that there was a disparity between her actual responsibilities and the responsibilities Defendant described in job advertisements and interviews. (*Id.* at 3. ) In particular, Plaintiff had no initial contact with any Hispanic patients. (*Id.*) Second, Plaintiff alleges that her supervisor, Tereasa Wallace, refused to allow Plaintiff to "shadow" her on the job. (*Id.*) Ms. Wallace repeatedly indicated that her cases were too "complicated" for Plaintiff. (*Id.*) Third, Plaintiff alleges that after she made a few constructive comments to other nurses during a meeting, Ms. Wallace advised her that her opinions were not welcome in group meetings. (*Id.*) Fourth, Plaintiff asserts that Ms. Wallace repeatedly asked her to "slow down" and to "stop being so hyper." (*Id.* at 6.) Plaintiff believes these comments reflect a stereotype commonly attributed to Colombian-Americans in light Latin America's notoriety

for drug trafficking. (*Id*.) Finally, Plaintiff alleges that her overall compensation was lower than that of similar hires despite her education and experience. (*Id*. at 4.)

Plaintiff's employment ended on February 8, 2011. (*Id*. at 3.) Although Defendant initiated the termination, Plaintiff requested and received permission to resign. (*Id*.) Plaintiff's employment termination form states that she resigned because the position was "not utilizing [the] skills she has." (*Id*.) At the termination meeting, Ms. Wallace allegedly admitted that Plaintiff was overqualified and encouraged Plaintiff to "feel liberated" because of her Master's Degree. (*Id*. at 5.)

Plaintiff filed a complaint with the Equal Employment Opportunity Office ("EEOC") to report the alleged discrimination. (*Id*.) In response to the EEOC complaint, Defendant asserted that Plaintiff was terminated for "not being a good fit," being tardy on three occasions, and making two personal phone calls at work. (*Id*.) Plaintiff disputes these reasons, noting that her tardiness was due to inclement weather and that she had only made one personal phone call while at work. (*Id*.) Plaintiff further contends that she witnessed other nurses, who were not members of a racially or ethnically protected class, arriving late and making personal phone calls without being subject to discipline. (*Id*.)

## LEGAL STANDARD

### I. Dismissal Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the

complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

**II. Dismissal of a Pro Se Plaintiff's Complaint**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**ANALYSIS**

Plaintiff alleges Defendant terminated her employment because of her race and national origin, and in retaliation for attempting to expose Defendant's discriminatory conduct in violation

of Title VII. (Docket #1.) She seeks damages under 42 U.S.C. §§ 1981 and 1981a. (*Id.*) Defendant argues that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, Defendant argues that 42 U.S.C. § 1983 provides the exclusive federal damages remedy for violation of the rights guaranteed by §1981 when the claim is brought against a state actor. *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) (citing *Jett v. Dallas Independent School Dist.*, 491 U.S. 701 (1989)).

In *Jett*, the Supreme Court held that a "municipality may not be held liable for its employees' violations of § 1981 under a *respondeat superior* theory." 491 U.S. at 702. Section 1983 provides the exclusive federal damages remedy for employees whose rights have been violated under § 1981. *Id*. Accordingly, "[d]amages claims against state actors for § 1981 violations must be brought under § 1983." *Bolden*, 441 F.3d at 1137.

Pursuant to Colo. Rev. Stat. §25-1-506, each county, by resolution of its board of county commissioners, is required to establish and maintain a public health agency. In this case, Defendant represents that it is a public health agency established in accordance with Colorado law by the Board of County Commissioners of Boulder County. (Docket #3 at 1-3.) Accepting Defendant's assertion as true, the Court finds that Defendant is a political subdivision of the state and, thus, a state actor within the meaning of §1983. In light of this status, Plaintiff cannot collect any damages against Defendant under §1981. *See Bolden*, 441 F.3d at 1137. Without an available remedy, Plaintiff's Complaint "fails to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).

Although Plaintiff is not entitled to relief based on her §1981 claim, "[d]ismissal on such a technical ground, without granting leave to amend, would rarely be appropriate." *Bolden*, 441 F.3d at 1134. Dismissal of a case is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleadings while protecting the interests of justice." *Caymon Exploration Corp. v.*

*United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989.) As such, in this jurisdiction, the Court typically does not dismiss a *pro se* plaintiff's claim unless she has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Hall*, 935 F.2d at 1109-10.

Therefore, because it is possible Plaintiff may cure the pleading deficiencies for her claims against Defendant, the Court respectfully recommends that Plaintiff be allowed to file an amended complaint, consistent with federal and local rules, within fourteen (14) days of the District Court's Order. Although the Court finds that leave to amend would be appropriate under these circumstances, the Court is mindful of Plaintiff's previous failure to file an amended pleading despite an order from this Court authorizing her to do so. (*See* docket #15.) Thus, if the District Court grants Plaintiff leave to amend and Plaintiff again fails to file an amended pleading within the fourteen (14) day period recommended herein, the Court further recommends the District Court dismiss the complaint without prejudice.

**CONCLUSION**

Plaintiff's claims for relief under 42 U.S.C. §§ 1981 and 1981a are not actionable against Defendant. However, the Court finds that amendment is proper under these circumstances. Therefore, the Court RECOMMENDS that the District Court **grant** Defendant's Motion to Dismiss [filed December 19, 2011; docket #3], and grant Plaintiff leave to file a complete amended complaint articulating her entire claim against the Defendant in accordance with this Recommendation and all applicable federal and local rules. In the event that Plaintiff fails to file an amended complaint within fourteen (14) days of the District Court's Order on Defendant's Motion to Dismiss, the Court recommends dismissal without prejudice without further notice.

Respectfully submitted at Denver, Colorado, this 9th day of March, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge